IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

VOX BUSINESS TRUST, LLC,
a Massachusetts Limited Liability Company,

    Plaintiff,

v.                                                                                          Case No.

GLOBAL DIGITAL SOLUTIONS, INC.,
a New Jersey Corporation,

    Defendant.

_____/

## COMPLAINT

Vox Business Trust, LLC ("Vox") files its Complaint against Global Digital Solutions, Inc. ("GDSI") and alleges as follows:

### Nature of the Action

This is an action for breach of a Demand Promissory Note ("Note") between Vox and GDSI, under which Vox is entitled to monetary and other compensation. GDSI failed to honor its obligations under the Note, and Vox now files this action for breach of promissory note seeking damages and other relief regarding GDSI's breach of the Note.

### Parties, Jurisdiction, and Venue

1. Vox is a Massachusetts Liability Company with its principal place of business in Middlesex County, Massachusetts. Vox's sole member and manager is Matthew Kelley, who is a citizen of the State of Massachusetts.

2. GDSI is a New Jersey Corporation with its principal place of business in Palm Beach County, Florida.

1

3.  This Court has diversity subject-matter jurisdiction over this controversy under 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  This Court has personal jurisdiction over GDSI, and venue is proper in this district, because GDSI's principal place of business is in Palm Beach County, Florida. 28 U.S.C. § 1332(c)(1); 28 U.S.C. § 1391(b).

## General Allegations

5.  Vox's sole member and Managing General Partner, Matthew Kelley, provided consulting services to GDSI in connection with a legal dispute between GDSI and Grupo Rontan Electro Metalurgica, S.A. and its shareholders (the "Rontan Litigation").

6.  As consideration for the consulting services, Vox was to be paid (i) monthly retainer payments of $10,000.00, (ii) 5% of the capital contributed by Parabellum Capital, LLC ("Parabellum") to fund the Rontan Litigation, (iii) 5% of any settlement or judgment in favor of GDSI, and (iv) common stock in GDSI. A copy of the May 31, 2016 consulting agreement is attached as **Exhibit A** ("Consulting Agreement").

7.  By December 23, 2017, GDSI owed $485,000 in missed retainer payments and payments for Parabellum's capital contributions that had been made as of that date. As a result, Vox and GDSI entered into a Demand Promissory Note ("Note"), wherein GDSI unconditionally promised to pay Vox the principal amount of $485,000 (or such larger or smaller amount that remains outstanding under the Note), together with all interest and all other amounts due, upon demand by Vox. A copy of the Note is attached as **Exhibit B.** The only condition to payment under the Note was that Vox had to refrain from demanding payment until the funding of proceeds

awarded to GDSI in a settlement or judgment in the Rontan Litigation, *unless* GDSI defaulted before that date. Note, at ¶ 2.1.

8. In addition, the parties agreed that if GDSI failed to make further retainer payments when due, the amounts owed would be added to the interest-bearing principal amount of the Note. *Id.* at ¶ 2.2. They also agreed that if GDSI failed to pay all then-outstanding amounts by the date proceeds are funded in the Rontan Litigation, additional compensation would be added to the principal amount of the Note based on GDSI's recovery. *Id.* at ¶ 2.2.

9. The amounts due to Vox under the Note include percentages of certain defined Resolution Progress Funding payments ("Resolution Progress Funding"), plus certain deferred Retainer Payments under the Consulting Agreement, plus interest at 7% per annum. In the event that a settlement payment or other recovery in the Ronton Litigation is paid to GDSI, Vox would be entitled to an additional 10% of the amounts actually recovered ("Resolution Funding").

10. GDSI's performance under the terms of the Note is secured by a security interest in the collateral specified in the "Security Agreement: Seniority" (Note, at ¶ 5) ("Security Agreement").  Pursuant to the Note and Security Agreement, GDSI acknowledged that VOX's rights concerning the Resolution Progress Payments and Resolution Funding are behind only the rights of Parabellum and GDSI's litigation counsel in the Rontan Litigation, Boise Schiller Flexner LLP ("Boise Schiller") in any Resolution Funding.

11. In addition, under the terms of the Note, GDSI is required to issue and deliver to Vox 5,000,000 stock certificates in GDSI's common stock earned on the Resolution Progress Funding Date within ninety days of the Resolution Progress Funding Date, and 10,000,000 stock certificates in GDSI's common stock earned on the Resolution Funding Date within ninety days of the Resolution Funding Date. Note, at ¶ 6.

12. On February 3, 2021, GDSI obtained a judgment in its favor in the Rontan Litigation in the amount of $192,448,000. *See Global Digital Solutions, Inc. v. Grupo Rontan Electro Metalurgica, S.A. et al.*, No. 9:18-cv-80106-DMM, DE-276 (S.D. Fla. Feb. 3, 2021). On August 16, 2021, Judge Donald Middlebrooks awarded GDSI an additional $2,086,233.48 in attorneys' fees and costs. *Id.* at DE-291. Including interest, the amount of GDSI's judgment now exceeds $236 million.[1]

13. In addition to its other obligations, GDSI covenanted that it would "[p]romptly execute and deliver such further instruments and do or cause to be done such further acts as may be necessary or advisable to carry out the intent and purposes of this Note." (Note, ¶ 8.5)

14. The Note authorizes Vox to demand that GDSI provide or facilitate the sharing of information about the status of efforts to enforce the judgment and any settlement discussions, to assist with placing Vox in the proverbial "waterfall" to give effect to Vox's interests in the proceeds, and to otherwise take action necessary to effectuate payment to Vox under the Note.

15. Despite its obligations, GDSI has failed to provide any update on collection efforts, instruct Boise Schiller (the holder or future holder of litigation proceeds) to place Vox in the waterfall, pay Vox, or otherwise assure Vox it will be paid.

16. Most recently, on November 2, 2023, Vox demanded that GDSI provide (i) a detailed list of all distributions or payments to GDSI related to the Rontan Litigation, (ii) copies of communications between Parabellum and Boise Schiller relating to the status of collection efforts, (iii) names and contact information of individuals at Parabellum and Boise Schiller who GDSI has been in contact with regarding collection efforts, (iv) written instructions to Parabellum

---

[1] *See Global Digital Solutions, Inc. Issues Update on Awarded Damages and Legal Fees; New Total of Incidental Damages and Legal Fees Now Stands at $236,250,080*, BUSINESS WIRE (Feb. 28, 2023, 9:30 AM), https://www.businesswire.com/news/home/20230228005601/en/.

and Boise Schiller that they may communicate directly with undersigned counsel regarding the status of collection efforts, and (v) a Letter of Instruction to Parabellum and Boise Schiller that any distribution of litigation proceeds to GDSI shall be made only after payment of all monetary obligations to Vox. *See* **Exhibit C** (Nov. 2, 2023 Letter from R. Wilkins to GDSI).

17. GDSI did not respond to the demand or provide any of the requested documentation. GDSI's failure to provide assurances or assist with placing Vox in the waterfall is a breach of the Note. (Note, at ¶ 9.).

18. The Note also contains a provision requiring GDSI to "reimburse [Vox] on demand for all reasonable out-of-pocket costs, expenses, and fees (including reasonable expenses and fees of its counsel) incurred by [Vox] in connection with . . . the enforcement of [Vox's] rights" under the Note. *Id.* ¶ 10.2.

19. Due to GDSI's refusal to comply with its contractual obligations, Vox retained the undersigned law firm to institute and prosecute this lawsuit and is obligated to pay a reasonable fee for its services. In accordance with Paragraph 10.2 of the Note, Vox demands reimbursement for all out-of-pocket costs, expenses, and attorneys' fees in connection with actions taken to enforce its rights, including attorneys' fees and costs related to this lawsuit.

20. All conditions precedent to bringing this action have occurred or have been waived.

## COUNT I
## BREACH OF DEMAND PROMISSORY NOTE

21. Vox realleges Paragraphs 1–20 as if fully set forth herein.

22. This is an action for breach of the Note attached as **Exhibit B**.

23. GDSI signed the Note on or about December 23, 2017, its "Effective Date."

24. Vox is the holder of the Note and entitled to enforce its terms and conditions.

25. GDSI breached the Note by failing to (i) make payments due under the terms of the Note and the Consulting Agreement as they became due on the Resolution Progress Funding Date (ii) issue and deliver to Vox 5,000,000 stock certificates in GDSI's common stock earned on the Resolution Progress Funding Date within ninety days of the Resolution Progress Funding Date, (iii) provide further assurances as required by paragraph 8.5 of the Note, (iv) pay Vox all other amounts due under the Note, which, as of December 31, 2022 was approximately $1,349,779 USD, comprised of $352,500 USD of Resolution Progress Funding Payments, plus $790,000 USD in deferred Retainer Payments, plus $278,279 USD in accrued interest. As a result of GDSI's failure to provide the information demanded in **Exhibit C**, Vox is unaware of the actual amounts due under the Note other than as specified above, and (v) failure to comply with other terms and conditions of the Note.

26. Vox has been damaged as a result of GDSI's breach in an amount exceeding $2,770,558 USD.

WHEREFORE, Vox seeks judgment for compensatory, consequential, and general damages in an amount to be determined at trial; transfer of the shares of common stock; attorney's fees; costs and disbursements of the action; pre- and post-judgment interest; and such other and further relief as the Court deems appropriate.

>JONES FOSTER P.A.
>*Attorneys for Plaintiff*
>505 S. Flagler Drive, Suite 1100
>West Palm Beach, FL 33401
>(561) 650-0404 [Telephone]
>
>By: /s/ *Robert W. Wilkins*
>    Robert W. Wilkins
>    Florida Bar No. 578721
>    rwilkins@jonesfoster.com
>    Travis J. Foels
>    Florida Bar No. 1011914
>    tfoels@jonesfoster.com