UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80028-Cannon/McCabe

VOX BUSINESS TRUST, LLC,
a Massachusetts Limited Liability Company,

    Plaintiff,
v.

GLOBAL DIGITAL SOLUTIONS, INC.,
a New Jersey Corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (DE 34)

THIS CAUSE comes before the Court upon Plaintiff's Motion to Compel ("Motion"). (DE 34). The Court heard argument on the Motion on October 1, 2024. (DE 36). Having considered the pending dispute and the parties' positions, the Motion is **GRANTED** as follows:

1. On March 29, 2024, Plaintiff served a First Request for Production ("RFP") on Defendant. (DE 34-1). Defendant failed to file a timely response to the RFP. The Court finds that Defendant waived all objections by failing to file a timely response.

2. Defendant thereafter failed to produce any responsive documents until September 30, 2024, one day before the scheduled hearing on the Motion. Based on a preliminary review, Plaintiff believes all responsive documents have been produced but cannot yet be 100% certain. To the extent Plaintiff believes, after further review, that additional responsive documents are due, Plaintiff may seek appropriate relief from this Court.

3. On March 29, 2024, Plaintiff also served a First Request for Admissions ("RFA") on Defendant. (DE 34-4). Defendant responded to RFA numbers 6, 7, and 8 by indicating that Defendant had made a good faith effort to investigate and respond to the RFAs, but that Defendant

was not in possession of the documents necessary to properly respond. (DE 34-5). As such, Defendant denied all three requests. (DE 34-5).

4. The Court has reviewed RFA numbers 6, 7, and 8 and notes that they involve matters of Defendant's corporate accounting and cash flow. Like Plaintiff, the Court questions how Defendant cannot have access to its own internal accounting records or other records that would enable it to respond to these RFAs. Defendant's bank account records, for example, would go a long way towards answering these RFAs. A party's bank account records are generally deemed to be within its possession, custody, and control for purposes of discovery. *See Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984) (defining "control" as the legal right to obtain documents upon demand).

5. The Court orders Defendant, within 10 days of this Order, to provide an updated response to RFA numbers 6, 7, and 8. In the event Defendant continues to assert a denial based on lack of information, Defendant should bear in mind Fed. R. Civ. P. 37(c), which provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves … the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of October 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE