UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:24-cv-80028-CANNON/MCCABE

VOX BUSINESS TRUST, LLC,

    Plaintiff,

v.

GLOBAL DIGITAL SOLUTIONS, INC.,

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF LIABILITY FOR BREACH OF PROMISSORY NOTE

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56.1(a)–(b), Plaintiff Vox Business Trust, LLC ("Vox") hereby moves for partial summary judgment on the issue of liability against Defendant Global Digital Solutions, Inc. ("GDSI") for breach of a demand promissory note, the sole count in the Complaint (ECF No. [1]) (the "Motion"). By separate filings, Plaintiff submits its Statement of Material Facts ("SOF"), Joint Statement of Undisputed Material Facts ("JSOF"), and the Declaration of Matthew Kelley in support of this Motion.

### INTRODUCTION

This is a single-count action for breach of a demand promissory note. Simply put, Vox, and GDSI entered into a Demand Promissory Note ("Note"), GDSI has breached the Note by failing to make payments due, and Vox has been damaged as result. The full amount of the damages are presently unliquidated and, as a result, this Motion is limited to a determination of liability by GDSI for breach of the Note.

1

In 2016, GDSI was involved in a legal dispute with another company, Grupo Rontan Electro Metalurgica, S.A. (the "Rontan Litigation"). GDSI needed both funding and legal counsel to pursue the litigation. Matthew Kelley, as the sole member of Vox, provided consulting services to GDSI, including connecting GDSI to GSRN 1612-512 LLC ("GSRN")[1], the ultimate funding source of the Rontan Litigation, and Boise Schiller Flexner LLP ("Boies Schiller"), who served as GDSI's counsel in the Rontan Litigation.

There are three main agreements involved herein. First, Matthew Kelley, both individually and on behalf of Vox, entered into an agreement with GDSI on May 31, 2016 (the "Consulting Agreement"). JSOF ¶ 2. Through the Consulting Agreement, Matthew Kelley agreed to provide consulting services to GDSI, and in return, GDSI agreed to provide three categories of cash payments to his company, Vox:[2] (1) monthly retainer payments of $10,000.00 ("Retainer Payments"); (2) 5% of the capital contributed by GSRN to fund the Rontan Litigation ("Resolution Progress Funding Payments"); and (3) 5% of any settlement or judgment in favor of GDSI in the Rontan Litigation ("Resolution Funding Payments"). *Id.* GDSI, however, quickly fell behind on its Retainer Payments and Resolution Progress Funding Payments to Vox.

Once GDSI fell far enough into arrears, Vox decided to secure its rights under the Consulting Agreement. On December 23, 2017, GDSI and Vox entered into the Note referenced above. JSOF ¶¶ 3–4. The Note incorporates the terms of the Consulting Agreement, and memorialized GDSI's outstanding debt. At the time of the Note's execution, GDSI had

---

[1] GSRN is the financing entity created by Parabellum Capital, LLC to finance the Rontan Litigation. The Complaint refers to Parabellum, but the correct entity and the entity on the agreements at issue is GSRN.

[2] The Consulting Agreement also provided for payment by way of shares to a related non-party holding company, which is not at issue herein.

$485,000.00 in outstanding debt to Vox, comprised of $200,000.00 in overdue Retainer Payments and $285,000.00 in overdue Resolution Progress Funding Payments. JSOF ¶ 3.

Third and finally, Vox obtained a security interest in GDSI's performance under the Note (the "Security Agreement"). The Security Agreement provides that GDSI's performance under the Note is secured by certain collateral specified therein. JSOF ¶ 5.

Despite its obligations under the Consulting Agreement *and* the Note, GDSI has neither paid the full amounts owed to Vox *that are presently* due, nor provided Vox with information on its collection efforts. Specifically, GDSI has not paid Vox the total amounts of Retainer Payments *presently due*; the total amounts of Resolution Progress Funding Payments due[3]; or the amount of any Resolution Funding Payments due.[4] GDSI also failed to pay certain prepayment sums specified in the Note as they became due. While the Retainer Payments, Resolution Progress Funding Payments, and prepayment amounts are ascertainable sums, the Resolution Funding Payment amounts are still unknown. As such, Vox moves for partial summary judgment as to the issue of liability only, reserving a determination of damages for a later date.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the moving party bears the burden of establishing there are no "genuine dispute[s] as to any material fact," that burden may be met "by demonstrating that there is a lack of evidence to support the essential elements that the non-moving

---

[3] The full amount of Resolution Progress Funding Payments due is unknown. GDSI, despite being ordered to do so, has claimed it is unable to determine the amount of money it received.

[4] It is uncertain whether any Resolution Funding Payments are presently due since such payments are contingent on money collected pursuant to the judgment entered against Rontan and GDSI has not authorized Vox to communicate directly with Boies Shiller.

3

party must prove at trial." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986)). Moreover, although a District Court is required to view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor, "an inference is not 'reasonable' and a dispute is not 'genuine' if it is based on conclusory allegations and speculation." *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015). The United States Supreme Court has held that "[t]he mere existence of a scintilla of evidence" supporting a non-movant's case is not sufficient to defeat summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A properly supported motion for summary judgment is not defeated by the existence of any factual dispute. *Anderson*, 477 U.S. at 249. Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

## ARGUMENT

Simply put, GDSI breached the Note, which is a valid and enforceable contract. To establish a breach of contract under Florida law, a plaintiff must prove the existence of: "(1) a valid contract; (2) a material breach; and (3) damages." *Everglades Ecolodge at Big Cypress, LLC v. Seminole Tribe of Fla.*, 836 F. Supp. 2d 1296, 1302 (S.D. Fla. 2011). All elements are met here.

*First*, the undisputed facts show that the Note is a valid contract. SOF ¶¶ 6–8; JSOF ¶ 3. A valid contract exists where there is "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 1339, 1345 (S.D. Fla. 2011). Here, Vox offered to provide consulting services in exchange for the valuable consideration of payment categories listed above from GDSI. SOF ¶¶ 9, 11, 13, 19, 25, 30; JSOF ¶ 3. GDSI manifested its acceptance by way of executing the

Note. SOF ¶¶ 6–8; JSOF ¶ 4. The essential terms of the Note are undisputed and sufficiently specific. SOF ¶¶ 6–8, 9, 11, 13, 19, 25, 30; JSOF ¶ 3; *see also* ECF No. [1-2].

*Second*, the undisputed facts show that GDSI has not met its obligations under the Note. There is no dispute that Vox, by way of its sole member Matthew Kelley, provided the consulting services required in the Note. SOF ¶ 9. There is also no dispute that GDSI is obligated under the terms of the Note to make payments to Vox for those consulting services provided. SOF ¶¶ 6–8, 9, 11, 13, 19, 25, 30; JSOF ¶ 3, 14. GDSI has not made those payments owed to Vox under the Note. SOF ¶¶ 16, 23, 27, 28, 31–33; JSOF ¶ 13. GDSI has also failed to provide information related to collection efforts, to which Vox is entitled under the terms of the Note. SOF ¶¶ 34–38; JSOF ¶ 6. As such, it is clear that GDSI is in breach of the Note terms.

*Third,* the undisputed facts show that GDSI has been damaged by GDSI's breach of the Note. Vox is entitled to Retainer Payments accrued under the Note in an amount no less than, and far exceeding, $200,000.00. SOF ¶¶ 24–28, 30; JSOF ¶ 3. Vox is entitled to Resolution Progress Payments accrued under the Note in an amount no less than, and far exceeding $285,000.00. SOF ¶¶ 12–17, 30; JSOF ¶ 3. Vox is entitled to information regarding the collection efforts of the Resolution Funding Payments, to be provided immediately by GDSI. SOF ¶¶ 34–39. Ultimately, though the sum is not yet ripe, Vox will be entitled to the Resolution Funding Payments as well. SOF ¶¶ 18–23; JSOF ¶ 3. As such, Vox is damaged by GDSI's numerous breaches of the Note.

WHEREFORE, Plaintiff requests a partial summary judgment against GDSI, determining that GDSI breached the Note and is liable for monetary damages in an amount to be fully determined at trial.

Dated: October 18, 2024

                                                JONES FOSTER P.A.
*Attorneys for Plaintiff*
505 S. Flagler Drive, Suite 1100
West Palm Beach, FL 33401
(561) 650-0404 [Telephone]

By: /s/ *Robert W. Wilkins*
     Robert W. Wilkins
     Florida Bar No. 578721
     rwilkins@jonesfoster.com

#5684468 v7 32944-00001