UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

VOX BUSINESS TRUST, LLC,
a Massachusetts Limited Liability Company,

    Plaintiff,                                           CASE NO.: 9:24-cv-80028- AMC

v.

GLOBAL DIGITAL SOLUTIONS, INC.,
a New Jersey Corporation,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMURY JUDGMENT (DOC. 38)

Global Digital Solutions, Inc. ("Global" or "Defendant"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 of the Rules for the Southern District of Florida, hereby files this Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, and states as follows:

### Introduction

This is a case regarding an arrangement between Plaintiff, VOX Business Trust, LLC ("Vox" or "Plaintiff") and Global regarding Vox's assistance with Global's prosecution of and recovery from certain civil litigation referred to as the "Rontan" litigation. The terms and conditions of the arrangement between Vox and Global were memorialized in a series of documents, including, but not

limited to, the Consulting Agreement and Demand Promissory Note which are attached to the Complaint in this matter as Exhibits "A" and "B", respectively.

Pursuant to the facts set forth in the Declaration of William Delgado and the express terms and conditions of the Consulting Agreement and Demand Promissory Note, Vox is not entitled to the partial summary judgment as to liability it is seeking in its Motion (Doc. 38). As such, and as set forth in more detail below, Plaintiff's Motion should be denied.

## **Legal Standard**

Federal law is clear that summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the burden of establishing irrefutably that no genuine dispute of material fact exists and the nonmoving party cannot prevail at trial. *Clemons v. Dougherty County, Ga.*, 684 F. 2d 1365, 1368 (11th Cir. 1982). Furthermore, it is only after the moving party has met this heavy burden that the nonmoving party is called upon to show the existence of genuine issues of material fact. *Fox v. GM, LLC.,* 2019 WL 3483171 (USDC Northern Dist. Ga. 2019). In ruling on a summary judgment motion, the Court is required to "view all evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Id*. Thus, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *United States v. Twenty (20) Cashier's Checks,*

*Having the Aggregate Value of Two Hundred Thousand ($200,000) Dollars in U.S. Currency*, 897 F. 2d 1567 (11th Cir. 1990). Additionally, a genuine issue of material fact exists when the nonmoving party presents evidence that creates a doubt as to a factual issue that is probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions. *Spaise v. Dodd*, No. A03-1430, 2004 Minn. App. LEXIS 607, at *1 (Ct. App. June 1, 2004).

## Argument

Despite the complex nature of the contractual arrangement between Vox and Global, as set forth the various agreements, including, but not limited to, the Consulting Agreement (ECF No. 1-1) and Demand Promissory Note (ECF No. 1-2), the arrangement between the two parties was quite simple. Global was involved in significant civil litigation involving a foreign entity and was in need of assistance in funding such litigation and then, hopefully, collecting on a judgment. Vox offered to help and provide such services in exchange for the consideration set forth in the Consulting Agreement. Vox's consideration included a percentages of money raised to help fund the litigation, a percentage of money recovered from the litigation and monthly retainer payments. (ECF No. 1-1, at 1).

Thereafter, Global was unable to make the payments owed under the Consulting Agreement. It was clear that funds from a settlement or recovery

3

would be needed for Global to make the payments owed to Vox. As such, the parties executed the Demand Promissory Note whereby the amounts Global owed Vox were confirmed and any payments of these amounts were stayed until a recovery from the Rontan litigation was made. (ECF No. 1-2, at 1-2). Specifically, Vox agreed to "voluntarily refrain from making such a demand prior to the date of the Resolution Funding" – as defined in the Consultation Agreement as the date a settlement or judgment in the Rontan litigation is paid. (ECF No. 1-2, at 2). This stay was in place unless there was a default under the Demand Promissory Note. (ECF No. 1-2, at 2).

The only exception to this stay under the Demand Promissory Note was if Matthew Kelly, on behalf of Vox, continued to provide services in aid of the Rontan litigation. (ECF No. 1-1, at 1; ECF No. 1-2 at 2). Global agreed to pay for these services. Unfortunately, Mr. Kelley failed and/or refused to provide any further litigation support or services after the Demand Promissory Note was executed. (Delgado Dcl., ¶ 4). As such, no more payments from Global to Vox were required.

In this case, Vox is claiming that Global has breached the terms of the Demand Promissory Note by failing to make payments allegedly owed under the note, such as the monthly retainer payments to Vox, and failing to provide certain information to Vox. As set forth in the Declaration of William Delgado,

4

Global has made all of the payments to Vox that are required by the Demand Promissory Note. (Delgado Decl. ¶ 5). Mr. Kelley stopped providing services in support of the Rontan litigation and, as such, no further monthly retainer payments were and are required. The Consulting Agreement also required the disclosure of certain information about the litigation funding to Vox. Global has complied with this requirement by disclosing to Vox all of the information it requested that was in Global's possession. (Delgado Decl. ¶ 6). There is simply no breach of the Consulting Agreement or the Demand Promissory Note by Global as of this date.

Once funds are recovered from the Rontan litigation, Global understands that Vox is entitled to a percentage of such funds as set forth in paragraphs 1 and 2 of the Consultation Agreement and paragraphs 2.1 and 2.2 of the Demand Promissory Note. (Delgado Decl. ¶ 7). Until such time as funds are recovered, Global does not have any funds available to make payments to Vox. (Delgado Decl. ¶ 7). That was the clear understanding of the parties and the reason why the parties executed the Demand Promissory Note.

Despite the clear intention behind the Demand Promissory Note, Vox is trying to use this litigation to modify its priority in how the funds collected from the Rontan litigation are distributed. Vox has requested Global, on multiple occasions, to ignore the other parties, creditors and shareholders with equal

priority to Vox once funds are recovered. (Deldado Decl. ¶ 8). Global cannot do so, and intends to make payments from the funds collected, if any, to all interested parties pursuant to their current standing. Anything else would prejudice other parties and place Global at risk of claims and litigation from these other parties.

Dated: November 1, 2024

                                                      THE LILES FIRM, P.A.

                                                     */s/ Robert B. George*
                                                     Robert B. George, Esq.
                                                     Florida Bar No. 108995
                                                     50 North Laura Street, Suite 1200
                                                     Jacksonville, FL 32202
                                                     Tel: (904) 634-1100 / Fax: (904) 634-1234
                                                     E-mail: rgeorge@thelilesfirm.com
                                                                    aperry@thelilesfirm.com

                                                     *Counsel for Defendant, Global Digital Solutions, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail via the CM/ECF portal to the following attorneys of record this 1st day of November, 2024:

Robert W. Wilkins, Esq.
Travis J. Foels, Esq.
Jones Foster P.A.

505 S. Flagler Drive, Suite 1100
West Palm Beach, FL 33401

*Counsel for Plaintiff, Vox Business Trust, LLC*

                                                                                          */s/   Robert B. George*
                                                                                          Attorney